# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WARNER LIVINGSTON, | CASE NO. 1:10-cv–01152-BAM PC |
| Plaintiff, | ORDER DISMISSING CERTAIN CLAIMS |
| v. | (ECF No. 1) |
| J. SANCHEZ, et al., | |
| Defendants. | |

**I.      Screening Requirement**

Plaintiff Warner Livingston is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is the complaint, filed June 25, 2010.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v.

Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007)).

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

**II.    Discussion**

Plaintiff is in the custody of the California Department of Corrections and Rehabilitation ("CDCR") and is currently housed at the California State Prison-Los Angeles County. Plaintiff alleges that while he was housed at California State Prison-Corcoran ("CSP-Corcoran"), Defendants Sanchez and Ayon came to his cell and told Plaintiff and his cell mate that they were being moved to another building. After Plaintiff stated that he wanted to speak to a sergeant, Defendants Sanchez and Ayon removed their pepper spray and advanced toward Plaintiff. Plaintiff stated he didn't want any problems and went to the floor. While Plaintiff was prone on the floor with his hands behind his back, Defendant Sanchez allegedly began pepper spraying Plaintiff and Defendant Ayon began banging Plaintiff's head on the ground while punching him. Plaintiff claims excessive force in violation of the Eighth Amendment, violations of Due Process, and state law claims and is seeking injunctive relief and compensatory and punitive damages.

Plaintiff's allegations are sufficient to state a cognizable claim for excessive force in violation of the Eighth Amendment and assault and battery under state law against Defendants Sanchez and Ayon. However, as discussed below, Plaintiff fails to state any other claims for relief.

The Due Process Clause protects against the deprivation of liberty without due process of

1 law. Wilkinson v. Austin, 545 U.S. 209, 221, 125 S. Ct. 2384, 2393 (2005). In order to state a cause of action for a deprivation of due process, a plaintiff must first identify a liberty interest for which the protection is sought. Id. To the extent that Plaintiff attempts to allege substantive due process violations, where a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing a plaintiff's claims." Patel v. Penman, 103 F.3d 868, 874 (9th Cir. 1996) (citations, internal quotations, and brackets omitted) overruled on other grounds by Unitherm Food Systems, Inc. V. Swift –Eckrick, Inc., 546 U.S. 394 (2006); County of Sacramento v. Lewis, 523 U.S. 833, 842 (1998). In this case, the Eighth Amendment "provides [the] explicit textual source of constitutional protection . . . ." Patel, 103 F.3d at 874. Therefore, the Eighth Amendment rather than the Due Process Clause of the Fourteenth Amendment governs Plaintiff's claims.

Finally, Plaintiff seeks injunctive relief ordering that he be placed on single cell status or be transferred to a federal prison due to threats of future harm. Since Plaintiff is no longer incarcerated at CSP-Corcoran, he lacks standing to pursue his claims for injunctive relief. Summers v. Earth Island Institute, 555 U.S. 488, ___, 129 S.Ct. 1142, 1149 (2009); Mayfield v. United States, 599 F.3d 964, 969-73 (9th Cir. 2010); Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001). To the extent that Plaintiff is seeking an order directed to CDCR,[1] who are not defendants in this action, the Court does not have jurisdiction to grant Plaintiff the relief requested. Therefore, Plaintiff is limited to seeking damages for the violation of his rights.

**III.   Conclusion and Order**

Accordingly, it is HEREBY ORDERED that:

1. This action shall proceed on the complaint, filed June 25, 2010, against Defendants Sanchez and Ayon for excessive force in violation of the Eighth Amendment and assault and battery under state law for damages; and

---

[1] In addition, CDCR itself is immune from suit. Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007).

2. Plaintiff's due process claim and request for injunctive relief are DISMISSED, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:**  **November 23, 2011**              /s/ **Barbara A. McAuliffe**
                                    UNITED STATES MAGISTRATE JUDGE