# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WARNER LIVINGSTON, | CASE NO. 1:10-cv–01152-LJO-BAM PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING DEFENDANTS' MOTION TO DISMISS STATE LAW CLAIMS |
| v. | |
| J. SANCHEZ, et al., | (ECF Nos. 28, 36, 37) |
| Defendants. | |
| _____/ | OBJECTIONS DUE WITHIN THIRTY-DAYS |

I.      **Procedural History**

       Plaintiff Warner Livingston is a state prisoner proceeding pro se in this civil rights action

pursuant to 42 U.S.C. § 1983.  This action is proceeding on the complaint, filed June 25, 2012,

against Defendants Ayon and Sanchez for excessive force in violation of the Eighth Amendment and

assault and battery in violation of state law.  On April 12, 2012, Defendants filed a motion to dismiss

Plaintiff's state law claims for failure to comply with the Government Tort Claims Act.  (ECF No.

28.)  After receiving an extension of time, Plaintiff filed an opposition on June 18, 2012, and

Defendants filed a reply on June 20, 2012.  (ECF Nos. 36, 37.)

II.     **Complaint Allegations**

       Plaintiff claims that on January 25, 2008, after a verbal altercation, he went prone on the

ground as commanded.  Plaintiff alleges that Defendant Sanchez got on his back and began pepper

spraying him, and Defendant Ayon began banging Plaintiff's head on the ground.  (Compl. 3,[1] ECF

---

       [1] All references to pagination of specific documents pertain to those as indicated on the upper right corners
via the CM/ECF electronic court docketing system.

No. 1.)  Plaintiff was then dragged by the legs out of his cell.  (Id. at 4.)  On or about March 30, 2009, Plaintiff filed a claim pursuant to the provisions of the California State Tort Claims Act.  (Id. at 5.)

**III.   Motion to Dismiss**

**A.   Legal Standard**

In considering a motion to dismiss for failure to state a claim, the court generally considers only the pleadings and must accept as true the allegations in the complaint.  Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006); Shaver v. Operating Engineers Local 428 Pension Trust Fund, 332 F.3d 1198, 1201, 1203 (9th Cir. 2002).  A court may consider evidence that the complaint relies on, where the complaint refers to a document that is central to the complaint and no party questions the authenticity of the document.  Marder, 450 F.3d at 448; see United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).  Additionally, the court is to "construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor.  Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010).  Pro se pleadings are held to a less stringent standard than those drafted by attorneys.  Hebbe, 627 F.3d at 342.

A motion to dismiss for failure to state a claim is properly granted where the complaint lacks "a cognizable legal theory" or "sufficient facts alleged under a cognizable legal theory." Conservation Force v. Salazar, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quoting Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988)).  There are two requirements to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6).  While accepting factual allegations in the complaint as true, the court is not required to accept legal conclusions as true, and the factual allegations must state a plausible claim for relief.  Maya v. Centex Corp., 658 F.3d 1060, 1067 (9th Cir. 2011).

**B.   Defendants' Position**

Defendants move to dismiss Plaintiff's state law assault and battery claims because Plaintiff failed to file a timely claim with the Victim Compensation and Government Claims Board ("Board") prior to filing suit.  (Memorandum of Points and Authorities in Support of Motion to Dismiss 2, ECF No. 28-1.)  In order to bring the assault and battery claims, Plaintiff was required to file a complaint

with the Board within six months of the incident alleged, and under no circumstance can the claim be submitted more than a year after the date of the incident. (Id. at 5.) The incidents alleged in Plaintiff's complaint occurred on January 25, 2008, but Plaintiff did not file his claim with the Board until March 30, 2009, one year and two months later. (Id. at 6.) Defendants argue that Plaintiff's assault and battery claims should be dismissed for failure to state a claim.

**C.      Plaintiff's Position**

Plaintiff opposes the motion on the grounds that he is not required to comply with the California Torts Claims Act to exhaust his administrative remedies. Defendants do not contend that Plaintiff's administrative remedies were not exhausted and that is all that is required to properly exhaust his claims under the Prison Litigation Reform Act ("PLRA"). (Id. at 2.) Plaintiff complied with the exhaustion requirement under the California Code of Regulations Section 3084.7(d)(C)(3). Plaintiff contends that he is not required to comply with the California Government Tort Claims Act prior to filing suit in federal Court. (Id. at 3.)

Plaintiff argues that Defendants do not deny that the assault occurred and the Government Torts Claims Act does not prevent prosecution for a violation of California Penal Code section 245, assault and battery. (Id. at 3-4.) Plaintiff requests the Court to determine if an assault and battery occurred and order the appropriate agencies to investigate why criminal charges were not brought or file charges against Defendants' Ayon and Sanchez. (Id. at 5.) Finally, Plaintiff contends that he is a federal prisoner who is illegally being held in state custody and as such the Court has jurisdiction over the state court claims. (Id. at 6.)

**D.      Defendants' Reply**

Defendants reply that the PLRA's exhaustion requirement and the requirements under the California State Tort Claims Act are separate and independent requirements. The PLRA does not apply to Plaintiff's state law claims, however Plaintiff must comply with the California State Tort Claims Act requirements to bring his state law claims. (Reply 2, ECF No. 37.) Plaintiff cites California Code of Regulations, Title 15 Section 3084.9(f)(B)(8) as authority to support his contention that he did not have to file under the California Tort Claims Act, however, section 3084.9 merely states that in the context of property claims, the appeal shall inform the inmate of his right

1  to submit a claim under the California Tort Claims Act and shall provide an address for mailing the

2  claim. (Id. at 2.)  Since Plaintiff acknowledges that he did not file a timely claim with the Board, the

3  Court should grant the motion to dismiss Plaintiff's assault and battery claims.

4          **E.**      **Government Tort Claims Act Legal Standard**

5        The Government Tort Claims Act requires that a tort claim against a public entity or its

6  employees be presented to the California Victim Compensation and Government Claims Board,

7  formerly known as the State Board of Control, no more than six months after the cause of action

8  accrues.  Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2011).  Presentation of a

9  written claim, and action on or rejection of the claim are conditions precedent to suit.  State v.

10 Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 1240 (2004); Shirk v. Vista Unified

11 School District, 42 Cal.4th 201, 209 (2007).  Compliance with the Tort Claims Act is an element of

12 the cause of action, Bodde, 32 Cal.4th at 1240, is required, Mangold v. California Public Utilities

13 Com'n, 67 F.3d 1470, 1477 (9th Cir. 1995), and "failure to file a claim is fatal to a cause of action,"

14 Hacienda La Puente Unified School Dist. Of Los Angeles v. Honig, 976 F.2d 487, 495 (9th Cir.

15 1992); City of Stockton v. Superior Court, 42 Cal.4th 730,738 (2007).  "California statutes or

16 ordinances which condition the right to sue the sovereign upon timely filing of claims and actions

17 are ... *elements of the plaintiff's cause of action* and conditions precedent to the maintenance of the

18 action."  Bodde, 32 Cal.4th at 1240 (quoting Williams v. Horvath, 16 Cal.3d 834, 840 (1976)).

19         F.      **Discussion**

20       In his opposition Plaintiff does not address Defendants' contention that he did not file a

21 timely claim with the Board prior to filing suit, but argues that he does not have to comply with the

22 Government Tort Claims Act to bring his state law claims.  Plaintiff's reliance on Jones v Bock, 594

23 U.S. 199, 125 S. Ct. 90 (2007); Woodford V. Ngo, 458 U.S. 8, 126 S. Ct. 2378 (2006); and Brown

24 v. Valoff, 422 F.3d 926 (9th Cir. 2005) to support his argument that compliance with the PLRA is

25 all that is required to bring suit in federal court is misplaced.  All of these cases dealt with an

26 inmate's compliance with the PLRA, and do not address the requirement that Plaintiff comply with

27 the Government Tort Claims Act prior to bringing a suit under state law.

28       "The Eleventh Amendment bars suits for money damages in federal court against a state, its

1  agencies, and state officials acting in their official capacities." <u>Aholelei v. Dept. of Public Safety</u>,

2  488 F.3d 1144, 1147 (9th Cir. 2007).  The California Legislature has waived immunity only where

3  the plaintiff complies with the various requirements of the Government Tort Claims Act.  <u>Bodde</u>,

4  32 Cal.4th at 1243.  In order to bring state law claims against a government employee on the basis

5  of actions taken during the scope of his employment, the plaintiff must first have filed a claim

6  pursuant to the Government Tort Claims Act.  <u>Briggs v. Lawrence</u>, 230 Cal.App.3d 605, 613 (1991)

7  (citing California Gov. Code §§ 950.2, 950.6(a), 911.2, 945.4).

8       Further, while Plaintiff argues that the Secretary of Corrections has full authority to

9  promulgate regulations governing prisoners, this is insufficient to excuse Plaintiff from complying

10 with the regulations that specifically address the requirements prior to bringing suit against an

11 employee of a government entity under California law.  The regulation that Plaintiff cites in support

12 of his argument relates to property appeals and is irrelevant to Plaintiff's personal injury claim.

13 Further, the code section cited by Plaintiff also states that "[a]n inmate or parolee who intends to

14 submit a claim with the Victim Compensation and Government Claims Board shall adhere to the

15 rules and time frames governing those claims, which may be more restrictive than those of the

16 CDCR appeals process."  Calif. Code of Regs., tit. 15 § 3084.9(f)(9).

17      Plaintiff's reliance on the California Penal Code is also misplaced in this civil action.  A

18 private right of action under a criminal statute has rarely been implied.  <u>Chrysler Corp. v. Brown</u>, 441

19 U.S. 281, 316, 99 S. Ct. 1705, 1725 (1979).  Where a private right of action has been implied, "there

20 was at least a statutory basis for inferring that a civil cause of action of some sort lay in favor of

21 someone."  <u>Chrysler Corp.</u>, 441 U.S. at 316, 99 S. Ct at 1725 (quoting <u>Cort v. Ash</u>, 422 U.S. 66, 79,

22 95 S. Ct. 2080 (1975); <u>see</u> <u>Sohal v. City of Merced Police Dep't</u>, No. 1:09-cv-0160-AWI-DLB, 2009

23 WL 961465, * (E.D. Cal. Apr. 8, 2009) ("[t]his court and courts of this circuit routinely dismiss

24 claims based on violation of state criminal statutes where the language of the statute does not confer

25 a private right of action").  To the extent that Plaintiff seeks an order directing that defendants be

26 criminally prosecuted, the decision to prosecute is within the discretion of the state and there is no

27 constitutional right to have another person criminally prosecuted.  <u>See</u> <u>Linda R.S. v. Richard D.</u>, 410

28 U.S. 614, 619, 93 S.Ct. 1146, 1149 (1973) ("a citizen lacks standing to contest the policies of the

1  prosecuting authority when he himself is neither prosecuted nor threatened with prosecution");
2  Johnson v. Craft, 673 F.Supp. 191, 192 (S.D.Miss. 1987) ("no cause of action for failure to prosecute
3  under section 1983").  The relief Plaintiff seeks would be beyond that which could be granted by this
4  Court.

5       The purpose of filing a claim under the Government Tort Claims Act is to provide the public
6  entity with sufficient information to allow an adequate investigation of the claim, and Plaintiff must
7  file a claim, even if the agency is aware of the surrounding circumstances.  City of Stockton, 42
8  Cal.4th at 738.  Compliance with the Government Tort Claims Act is mandatory to pursue state law
9  claims under the Act whether an inmate is a state prisoner or a federal prisoner, and Plaintiff's failure
10 to present a timely claim pursuant to the Government Tort Claims act bars his suit.  Id..

11      In his complaint, Plaintiff states that he filed a claim pursuant to the provisions of the
12 Government Tort Claims Act on or around March 30, 2009.  (ECF No. 1 at 5.)  Defendants submit
13 the complete record of Plaintiff's claim submitted to the Board and request that the Court take
14 judicial notice.  The court may properly consider matters subject to judicial notice and documents
15 incorporated by reference in the pleading without converting the motion to dismiss to one for
16 summary judgment.  Ritchie, 342 F.3d at 908.  Accordingly, Defendants' request shall be granted.

17      Plaintiff did not file his claim within the six months as required by the Government Tort
18 Claim Act.  If a claim is presented late the claimant must apply for leave to file a late claim.  Cal.
19 Gov. Code § 911.4(a).  However, the claimant only has one year in which to apply for leave to file
20 a late claim.  Cal. Gov. Code § 911.4(b).  Filing the late claim application is a jurisdictional
21 prerequisite to a claim and filing the application more than one year after the accrual of the action
22 causes the court to be without jurisdiction to grant leave to file the late claim.  Brandon G. v. Gray,
23 111 Cal.App.4th 29, 34 (2003).  Plaintiff's claim was denied stating it was reviewed and the Board
24 determined that it did not have jurisdiction to consider the claim because it was filed more than one
25 year after the date of the event upon which it was based.  Additionally, it was too late for the Board
26 to consider an application to present a late claim.  (Defendants' Request for Judicial Notice in
27 Support of Motion to Dismiss 8, ECF No. 29-1.)

28      Plaintiff's failure to comply with the Government Tort Claims Act is fatal to his state law

6

claims.  Accordingly, the Court finds that Plaintiff did not comply with the Government Tort Claims Act and is precluded from bringing his state law claims.

**V.**     **Findings and Recommendations**

The Court finds that Plaintiff did not comply with the Government Tort Claims Act by failing to submit a timely claim to the Board.  Based on the foregoing, IT IS HEREBY RECOMMENDED that Defendants' motion to dismiss Plaintiff's state law claims for failure to state a claim be GRANTED.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:**   __**August 9, 2012**__            _____ **/s/ Barbara A. McAuliffe** _____
                                                UNITED STATES MAGISTRATE JUDGE