# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WARNER LIVINGSTON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J. SANCHEZ, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:10-cv–01152-LJO-BAM PC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING DEFENDANTS; MOTION TO DISMISS STATE LAW CLAIMS<br><br>(ECF Nos. 28, 36, 37, 43, 48) |

Plaintiff Warner Livingston is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 10, 2012, the Magistrate Judge filed a Findings and Recommendations which was served on the parties and which contained notice to the parties that any objections to the Findings and Recommendations were to be filed within thirty days. After receiving several extensions of time, Plaintiff filed an Objection on November 26, 2012.

Plaintiff argues that the Government Tort Claims Act and the California Department of Corrections policies conflict because he is required to first pursue the prison grievance process before filing suit. Plaintiff does not cite any authority for his contention that he was required to pursue his administrative remedies prior to filing a claim with the Victim Compensation and Government Claims Board. See Walker v. California Dep't Corr., No. 2:09-cv-00569-WBS KJN P, 2012 WL 591954, at *8 (E.D.Cal. Feb. 22, 2012) (finding no requirement that prisoner exhaust his administrative remedies prior to filing suit with the Government Claims Board). Further, the

1  California Code of Regulations state that "an inmate or parolee who intends to submit a claim with
2  the Victim Compensation and Government Claims Board shall adhere to the rules and time frames
3  governing those claims, which may be more restrictive than those of the CDCR appeals process."
4  Calif. Code of Regs., tit. 15 § 3084.9(f)(9).

5      Plaintiff argues he is required to provide proof of his claim and he must generate evidence
6  by filing his administrative appeal. However, a review of the claim refutes this argument. The claim
7  form does not request any information regarding administrative remedies and the only
8  documentation Plaintiff attached to the claim was the Medical Report of Injury or Unusual
9  Occurrence which was created on the date of the incident. (Request for Judicial Notice, Exhibit A,
10 ECF No. 29-1.) Plaintiff was able to submit the Government Tort Claims Act while he pursued his
11 administrative remedies and the Regulations informed Plaintiff that he was required to adhere to the
12 time frames established to file a claim with the Victim Compensation and Government Claims
13 Board.

14     In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a
15 de novo review of this case. Having carefully reviewed the entire file, the Court finds the Findings
16 and Recommendations to be supported by the record and by proper analysis.

17     Accordingly, IT IS HEREBY ORDERED that:
18     1. The Findings and Recommendations, filed August 10, 2012, is adopted in full;
19     2. Defendants' Motion to Dismiss, filed April 12, 2012, is GRANTED;
20     3. Plaintiff's state law claims are dismissed from this action for failure to state a claim;
21     4. This action is proceeding on the complaint, filed June 25, 2010, against Defendants
22        Sanchez and Ayon for excessive force in violation of the Eighth Amendment; and
23     5. This action is referred back to the Magistrate Judge for further proceedings.
24
25 IT IS SO ORDERED.
26 **Dated:   November 27, 2012**        /s/ Lawrence J. O'Neill
                                                 UNITED STATES DISTRICT JUDGE
27
28