UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WARNER LIVINGSTON,<br><br>    Plaintiff,<br><br>v.<br><br>J. SANCHEZ, et al.,<br><br>    Defendants. | Case No.: 1:10-cv-01152-LJO-BAM PC<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTENDANCE OF INCARCERATED WITNESSES<br><br>(ECF No. 75.) |

**I.     Background**

Plaintiff Warner Livingston ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's complaint, filed June 25, 2010, against Defendants Sanchez and Ayon for excessive force in violation of the Eighth Amendment.  A jury trial is set for August 12, 2014.

On June 2, 2014, Plaintiff moved for the attendance of the following incarcerated witnesses: (1) Inmate Roundtre (C-75317, CSATF); (2) Inmate Smith (D-93516, CSATF); (3) Inmate Washington (P-56994, CSATF); (4) Inmate Lozo (P-08971, CSATF); (5) Inmate Peak (T-49836, CSATF); (6) Inmate Nuth (P-38386, CSATF); (7) Inmate Ponce (F-09410, CSATF); (8) Inmate Alonzo (J-68767, CSATF); and (9) Inmate Almaraz (V-34222, CSATF).  Defendants opposed the motion on June 12, 2014.  The Court heard brief argument regarding the motion in the course of the

1  Telephonic Trial Confirmation Hearing held on June 26, 2014.  The motion is deemed submitted.
2  Local Rule 230(l).

**II.       Motion for the Attendance of Incarcerated Witnesses**

   **A.       Legal Standard**

In determining whether to grant Plaintiff's motion for the attendance of incarcerated witnesses, the Court considers the following factors: (1) whether the inmate's presence will substantially further the resolution of the case, (2) the security risks presented by the inmate's presence, (3) the expense of transportation and security, and (4) whether the suit can be stayed until the inmate is released without prejudice to the cause asserted.  Wiggins v. County of Alameda, 717 F.2d 466, 468 n.1 (9th Cir. 1983); see also Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (district court did not abuse its discretion when it concluded the inconvenience and expense of transporting inmate witness outweighed any benefit he could provide where the importance of the witness's testimony could not be determined), abrogated on other grounds by Sandin v. Conner, 515 U.S. 472 (1995).

   **B.       Discussion**

      a.       Inmate Roundtre (C-75317, CSATF)

Plaintiff was housed in cell 104.  Plaintiff declares under penalty of perjury that Inmate Roundtre was housed in cell 101, was at his cell door awaiting his morning meal and heard Plaintiff's conversation with Defendants about the lids not being on the food trays.  If called to testify, Inmate Roundtre would inform the jury that Defendants served the morning meal trays without lids on them.  Inmate Roundtre informed Plaintiff that he would testify about what he heard and witnessed if called as a witness.

In his moving papers, Plaintiff also claims that Inmate Roundtre could attest to the fact that Defendants refused to allow Plaintiff to speak to the sergeant, that Defendants threatened to spray Plaintiff with their pepper spray and that he saw Defendants drag Plaintiff out of his cell by his legs.  While Plaintiff was on the ground in front of his cell, Inmate Roundtre yelled out and told Plaintiff to call him as a witness.  Inmate Roundtre made clear that he would testify regarding the incident.

Defendants oppose the motion to call Inmate Roundtre, arguing that Plaintiff's declaration lacks a statement under penalty of perjury that Inmate Roundtre is willing to testify.  Defendants also

contend that the declaration fails to identify specifically what Inmate Roundtre heard or saw. Defendants further argue that Plaintiff failed to disclose this witness in discovery, which also calls into question the veracity of Plaintiff's statement that this witness is willing to testify.

Defendants objections do not appear warranted. Although not all information regarding Inmate Roundtre is contained in Plaintiff's sworn declaration, there is sufficient information in Plaintiff's moving papers to ascertain the general nature of Inmate Roundtre's anticipated testimony. His testimony regarding events leading up to the alleged assault, along with what he may have heard and seen after the alleged assault, is relevant to Plaintiff's claims and may substantially further the resolution of this case. Fed. R. Evid. 401 (evidence is relevant if it has any tendency to make a fact more or less probable and the fact is of consequence in determining the action); Wiggins, 717 F.2d at 468 n.1. That Plaintiff failed to disclose Inmate Roundtre in response to interrogatories does not mandate his exclusion. Fed. R. Civ. P. 37(c); Cambridge Elec. Corp. v. MGA Elec., Inc., 227 F.R.D. 313, 323 (C.D. Cal. 2004) (failure to disclose evidence in response to interrogatories may lead to its exclusion). Defendants have not identified any prejudice resulting from the late disclosure.

    b.  Inmate Smith (D-93516, CSATF)

Inmate Smith and Inmate Roundtre were cell mates. As with Inmate Roundtre, Plaintiff declares under penalty of perjury that Inmate Smith was housed in cell 101, was at his cell door awaiting his morning meal and heard Plaintiff's conversation with Defendants about the lids not being on the food trays. If called to testify, Inmate Smith would inform the jury that Defendants served the morning meal trays without lids on them. Inmate Smith informed Plaintiff that he would testify about what he heard and witnessed.

In his moving papers, Plaintiff also claims that Inmate Smith could attest to the fact that Defendants refused to allow Plaintiff to speak to the sergeant, that Defendants threatened to spray Plaintiff with their pepper spray and that he saw Defendants drag Plaintiff out of his cell by his legs. While Plaintiff was on the ground in front of his cell, Inmate Smith yelled out and told Plaintiff to call him as a witness.

Defendants' objections regarding the testimony of Inmate Smith mirror those forwarded regarding the testimony of Inmate Roundtre. However, as with Inmate Roundtre's testimony, Inmate

3

Smith's testimony regarding events leading up to the alleged assault, along with what he may have heard and seen after the alleged assault, is relevant to Plaintiff's claims and may substantially further the resolution of this case. Fed. R. Evid. 401 (evidence is relevant if it has any tendency to make a fact more or less probable and the fact is of consequence in determining the action); Wiggins, 717 F.2d at 468 n.1. That Plaintiff failed to disclose Inmate Smith in response to interrogatories does not mandate his exclusion. Fed. R. Civ. P. 37(c); Cambridge Elec. Corp. v. MGA Elec., Inc., 227 F.R.D. 313, 323 (C.D. Cal. 2004) (failure to disclose evidence in response to interrogatories may lead to its exclusion). Defendants have not identified any prejudice resulting from the late disclosure.

        c.        Inmate Washington (P-56994, CSATF)

Inmate Washington was Plaintiff's cellmate at the time of the incident. In his moving papers, Plaintiff states that Inmate Washington is a witness to the conversation between Plaintiff and Defendants, including Defendants' refusal to allow Plaintiff to speak with a sergeant. Inmate Washington also is a witness to Defendants telling him to go to the shower and lock himself in. In his declaration, Plaintiff avers that Inmate Washington informed him that he would testify about what he heard and witnessed if called to testify.

Defendants oppose calling Inmate Washington as a witness. However, their sole objection is that Plaintiff failed to declare when and where Inmate Washington informed him that he would be willing to testify. Defendants' objection should be overruled. Plaintiff, in his moving papers, reported that Inmate Washington informed him, before leaving the cell, that if Plaintiff needed him, just call him. Further, Inmate Washington possesses relevant information regarding the incident and his testimony will substantially further resolution of this case. Wiggins, 717 F.2d at 468 n.1.

        d.        Inmate Lozo (P-08971, CSATF) and Inmate Peak (T-49836, CSATF)

Inmates Lozo and Peak were cellmates at the time of the incident, housed in cell 103. In his declaration, Plaintiff states that Inmates Lozo and Peak heard the conversation between Plaintiff and the Defendants regarding the lids not being on the food trays. In his moving papers, Plaintiff reports that Inmates Lozo and Peak would inform the jury that the Defendants served the morning meal trays without the lids on them. They did not inform Plaintiff that they would testify.

1  Based on Plaintiff's moving papers and declaration, it is evident that the anticipated testimony
2  of Inmates Lozo and Peak would be duplicative of the anticipated testimony from Inmates Roundtre,
3  Smith and Washington regarding lids not being on the food trays.  The probative value of the
4  testimony from Inmates Lozo and Peak is substantially outweighed by a danger of needlessly
5  presenting cumulate evidence.  Fed. R. Evid. 403.  Further, duplicative testimony from these inmates
6  regarding the food trays and any surrounding discussion will not substantially further resolution of this
7  case.  Wiggins, 717 F.2d at 468 n.1.
8  Additionally, Defendants report that Inmate Peak is no longer incarcerated in the state of
9  California.  Rather, he is now located at the Tallahatchie County Correctional Facility in Tutwiler,
10 Mississippi.  (ECF No. 72.)  A search of CDCR's inmate locator on June 26, 2014, confirms
11 Defendants' information regarding Inmate Peak's current place of incarceration.   The expense and
12 burden of transporting Inmate Peak to California outweigh the probative value of his cumulative
13 testimony.  As such, Plaintiff's motion as to Inmate Peak also shall be denied on this ground.  Id.

        e.        Inmate Nuth (P-38386, CSATF) and Inmate Ponce (F-09410, CSATF)

15 Inmates Nuth and Ponce were cellmates at the time of the incident, housed in cell 102.  In his
16 declaration, Plaintiff states that Inmates Nuth and Ponce heard the conversation between Plaintiff and
17 the Defendants regarding the lids not being on the food trays.  In his moving papers, Plaintiff reports
18 that Inmates Nuth and Ponce would inform the jury that the Defendants served the morning meal trays
19 without the lids on them and that Plaintiff made it an issue.  These inmates did not inform Plaintiff that
20 they would testify.
21 Based on Plaintiff's moving papers and declaration, it is evident that the anticipated testimony
22 of Inmates Nuth and Ponce would be duplicative of the anticipated testimony from Inmates Roundtre,
23 Smith and Washington regarding lids not being on the food trays.  The probative value of the
24 testimony from Inmates Nuth and Ponce is substantially outweighed by a danger of needlessly
25 presenting cumulate evidence.  Fed. R. Evid. 403.  Further, duplicative testimony from these inmates
26 regarding the food trays and resulting conversation with defendants will not substantially further
27 resolution of this case.  Wiggins, 717 F.2d at 468 n.1.
28

1    Additionally, Defendants report that Inmate Ponce may no longer be incarcerated.  Defense
2 counsel could not locate this inmate on CDCR's inmate-locator site.  (ECF No. 72.)  This inmate could
3 not be found by his inmate number during a search of CDCR's inmate locator as of June 26, 2014.

4              f.      Inmate Alonzo (J-68767, CSATF) and Inmate Almaraz (V-34222, CSATF)

5    Inmates Alonzo and Almaraz were cellmates at the time of the incident, housed in cell 105.  In
6 his declaration, Plaintiff states that Inmates Alonzo and Almaraz heard the conversation between
7 Plaintiff and the Defendants regarding the lids not being on the food trays.

8    In his moving papers, Plaintiff reports that Inmates Alonzo and Almaraz would inform the jury
9 that the Defendants served the morning meal trays without the lids on them and that Plaintiff made it
10 an issue.  These inmates did not inform Plaintiff that they would testify.

11    Based on Plaintiff's moving papers and declaration, it is evident that the anticipated testimony
12 of Inmates Alonzo and Almaraz would be duplicative of the anticipated testimony from Inmates
13 Roundtre, Smith and Washington regarding lids not being on the food trays.  The probative value of
14 the testimony from Inmates Alonzo and Almaraz is substantially outweighed by a danger of needlessly
15 presenting cumulate evidence.  Fed. R. Evid. 403.  Further, duplicative testimony from these inmates
16 will not substantially further resolution of this case.  Wiggins, 717 F.2d at 468 n.1.

17    Additionally, Defendants report that Inmate Alonzo may no longer be incarcerated.  Defense
18 counsel could not locate this inmate on CDCR's inmate-locator site.  (ECF No. 72.)  This inmate could
19 not be found by his inmate number during a search of CDCR's inmate locator as of June 26, 2014.

20 **II.    Conclusion and Order**

21    For the reasons stated, Plaintiff's motion for the attendance of incarcerated witnesses is
22 GRANTED IN PART and DENIED IN PART as follows:

23    1. Plaintiff's motion for the attendance of incarcerated witness Inmate Roundtre, # C-75317,
24        is GRANTED;
25    2. Plaintiff's motion for the attendance of incarcerated witness Inmate Smith, # D-93516, is
26        GRANTED;
27    3. Plaintiff's motion for the attendance of incarcerated witness Inmate Washington, # P-
28        56994, is GRANTED; and

6

4. Plaintiff's motion for the attendance of incarcerated witnesses Inmate Lozo (P-08971), Inmate Peak (T-49836), Inmate Nuth (P-38386), Inmate Ponce (F-09410), Inmate Alonzo (J-68767) and Inmate Almaraz (V-34222) is DENIED.

IT IS SO ORDERED.

Dated: **June 26, 2014**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE