1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10

11   WARNER LIVINGSTON,                    )   Case No.: 1:10-cv-01152-BAM (PC)
                                           )
12                    Plaintiff,           )   ORDER DENYING PLAINTIFF'S MOTION FOR
                                           )   SUBPOENAS DUCES TECUM
13          v.                             )   (ECF No. 82)
                                           )
14   J. SANCHEZ, et al.,                   )
                                           )
15                    Defendants.          )
                                           )
16   _____      )

17

18       **I.      Procedural Background**

19          Plaintiff Warner Livingston ("Plaintiff") is a state prisoner proceeding pro se in this civil rights

20   action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's complaint, filed June 25,

21   2010, against Defendants Sanchez and Ayon for excessive force in violation of the Eighth

22   Amendment.  A jury trial is set for August 12, 2014.

23          On December 13, 2012, the Court issued a Discovery and Scheduling Order, which set the

24   discovery deadline as August 13, 2013.  (ECF No. 52.)  On August 14, 2013, the Court extended the

25   discovery deadline to September 12, 2013, for the limited purpose of allowing Plaintiff to respond to

26   Defendants' discovery requests and to allow Defendants to review the responses and file any motion

27   to compel.  (ECF No. 57.)

28

                                            1

On August 29, 2013, Plaintiff requested a sixty-day extension of time to serve discovery requests on Defendants Sanchez and Ayon.  (ECF No. 58.)  On November 6, 2013, the Court denied Plaintiff's request, finding that Plaintiff had not demonstrated good cause to modify the discovery and scheduling order.  (ECF No. 62.)

On December 10, 2013, the Court issued a Second Scheduling Order, which set this matter for a telephonic trial confirmation hearing and for trial.  (ECF No. 63.)

On June 26, 2014, the Court held a telephonic trial confirmation hearing.  Following the hearing, the Court issued a pretrial order.  In addition to setting relevant trial deadlines, the pretrial order expressly stated that the deadline to complete discovery had expired and that no further discovery would be permitted.[1]  (ECF No. 77, p. 21.)

On July 10, 2014, Plaintiff filed the instant motion requesting at least seven (7) subpoenas duces tecum to obtain certain documents or other tangible items.  (ECF No. 82.)  On July 11, 2014, Defendants objected to Plaintiff's request for subpoenas duces tecum.  (ECF No. 83.)  The Court finds a reply unnecessary and the motion is deemed submitted.  Local Rule 230(l).

## II.      Motion for Subpoeanas Duces Tecum

As noted above, the Discovery and Scheduling Order deadline for Plaintiff to complete discovery expired on August 13, 2013.  Pursuant to Rule 16(b), a scheduling order "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  The "good cause" standard "primarily considers the diligence of the party seeking the amendment."  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).  The district court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension."  Id.  If the party was not diligent, the inquiry should end.  Id.

The Court previously determined that Plaintiff had not demonstrated diligence in seeking to extend the deadline to serve Defendants Sanchez and Ayon with discovery.  Likewise, Plaintiff has not demonstrated diligence in seeking to obtain a third-party subpoena.  As a practical matter, there is no indication Plaintiff requested that such documents be produced in discovery and was unable to secure

---

[1] The Court reiterated its position in the amended pretrial order issued on July 15, 2014.  (ECF No. 87, p. 21.)

1  them without the issuance of a third-party subpoena.  Further, Plaintiff has made no other effort to

2  obtain any discovery in this matter, including third-party discovery, since the Court denied his

3  previous modification of the discovery deadline.  Plaintiff did not renew his motion to modify the

4  discovery deadline or seek any other form of relief.

5  **III.   Conclusion and Order**

6  For the reasons stated, Plaintiff's request for subpoenas duces tecum is DENIED.

7

8  IT IS SO ORDERED.

9  Dated:   __July 17, 2014__        ___/s/ Barbara A. McAuliffe___

10  UNITED STATES MAGISTRATE JUDGE