1

2

3

4

5

6

7

8                      **UNITED STATES DISTRICT COURT**

9                      **EASTERN DISTRICT OF CALIFORNIA**

10

11   WARNER LIVINGSTON,                    )   Case No.: 1:10-cv-01152-BAM (PC)
                                           )
12                   Plaintiff,            )   ORDER DENYING PLAINTIFF'S REQUEST FOR
                                           )   APPOINTMENT OF COUNSEL
13            v.                           )
                                           )
14   J. SANCHEZ, et al.,                   )
                                           )
15                   Defendants.           )
                                           )
16   _____)

17

18          Plaintiff Warner Livingston ("Plaintiff") is a state prisoner proceeding pro se in this civil rights

19   action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's complaint, filed June 25,

20   2010, against Defendants Sanchez and Ayon for excessive force in violation of the Eighth

21   Amendment.  A jury trial is set for August 12, 2014.

22          On July 17, 2014, Plaintiff filed the instant motion seeking the appointment of counsel.  (ECF

23   No. 95.)  A response is unnecessary and motion is deemed submitted.  Local Rule 230(l).

24          Request for Counsel

25          Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v.

26   Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent

27   plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern

28   District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in certain exceptional

                                                   1

circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances.  Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  This Court is faced with similar cases involving claims of excessive force brought by prisoners with limited knowledge of the law almost daily.  Although Plaintiff is concerned about his ability to litigate this matter at trial, this is not a sufficient basis for the appointment of counsel.  Further, there is no indication that Plaintiff is indigent and cannot afford to retain counsel.  Moreover, the Court cannot make a determination that Plaintiff is likely to succeed on the merits at trial, and based on a review of the record in this case, the court does not find that Plaintiff cannot adequately articulate his claims.  Rand, 113 F.3d at 1525.

The Court notes that Plaintiff has requested the appointment of William L. Schmidt as counsel in this case.  Plaintiff is not precluded from contacting Mr. Schmidt and requesting representation.  However, the Court will not request the voluntary appointment of Mr. Schmidt.

For the reasons stated, Plaintiff's request for the appointment of counsel is DENIED without prejudice.


IT IS SO ORDERED.

Dated:   __July 17, 2014__                     ___/s/ Barbara A. McAuliffe___

                                                               UNITED STATES MAGISTRATE JUDGE