UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WARNER LIVINGSTON, | ) Case No.: 1:10-cv-01152-BAM (PC) |
| Plaintiff, | ) ORDER GRANTING DEFENDANTS' MOTION TO MODIFY THE PRETRIAL ORDER TO ALLOW DEFENDANTS TO DESIGNATE AN ADDITIONAL WITNESS |
| v. | |
| J. SANCHEZ, et al., | |
| Defendants. | ) (ECF No. 93) |

**I.      Background**

Plaintiff Warner Livingston ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's complaint, filed June 25, 2010, against Defendants Sanchez and Ayon for excessive force in violation of the Eighth Amendment. A jury trial is set for August 12, 2014.

On June 26, 2014, the Court issued a Pretrial Order, which identified the disputed facts and issues for trial and also listed the exhibits and witnesses expected to be utilized by the parties at trial. With regard to witnesses, the Pretrial Order expressly stated that no witness, other than those listed, may be called at trial unless the parties stipulated or upon a showing that the Pretrial Order should be modified to prevent manifest injustice. (ECF No. 77, p. 16.)

On July 15, 2014, the Court issued an Amended Pretrial Order. The Amended Pretrial Order reiterated that no witness, other than those listed, may be called at trial unless the parties stipulated or upon a showing that the order should be modified to prevent manifest injustice. (ECF No. 87, p. 16.)

On July 15, 2014, Defendants filed the instant motion to modify the pretrial order to allow them to designate an additional witness, T. Wan. (ECF No. 93.) The Court finds a response unnecessary and the motion is deemed submitted.[1]  Local Rule 230(l).

## II. Motion to Modify the Pretrial Order

### A. Legal Standard

Under Federal Rule of Civil Procedure 16(e), the Court may modify the pretrial order "only to prevent manifest injustice." Fed. R. Civ. P. 16(e). District courts should consider four factors in determining whether to modify the pretrial order: (1) the degree of prejudice or surprise to the non-moving party if the order is modified; (2) the ability of the non-moving party to cure any prejudice; (3) the impact of the modification on the orderly and efficient conduct of the case: and (4) any degree of willfulness or bad faith on the part of the party seeking the modification. United States v. First Nat'l Bank of Circle, 652 F.2d 882 (9th Cir. 1981); see also Morris v. Long, 2012 WL 2872767, *1 (E.D. Cal. Jul. 11, 2012).

### B. Discussion

Defendants request to cross-designate T. Wan as a witness. In the declaration submitted with the request, defense counsel Tyler Heath explains that Defendants originally designated R. Diaz to testify at trial regarding CDCR use of force policies and procedures and as one individual that completed a use of force technique for this incident. Mr. Heath further explains that during the course of preparing for trial, he was informed that R. Diaz was pending confirmation by the California State Senate for a position and that confirmation would most likely take place on August 13, 2014. Based on the anticipated date, it is likely that R. Diaz would not be available to testify at trial. Mr. Heath reports that upon learning that R. Diaz would be unavailable he immediately identified another witness from the pretrial order that could be a possible substitute—T. Wan, Plaintiff's designated expert.

---

[1] The Court's decision to resolve the motion without a response from Plaintiff will not result in any prejudice as Plaintiff has already designated T. Wan as a potential witness.

In considering the relevant factors, the Court finds no prejudice resulting from modification of the Amended Pretrial Order to cross-designate T. Wan as a witness for Defendants. Plaintiff will not be surprised or prejudiced because he has already designated T. Wan as witness. As a result of the prior designation by Plaintiff, there will be little or no impact on the orderly and efficient conduct of the case and there is no indication of willfulness or bad faith on the part of Defendants. Accordingly, Defendants' request to modify the Amended Pretrial Order to cross-designate T. Wan as witness shall be granted. Consistent with the Amended Pretrial Order, Plaintiff will not be required to submit witness fees to secure the attendance of T. Wan at trial. Rather, witnesses that Defendants plan to call, including T. Wan, shall be present on August 12, 2014 by 9:30 a.m., and shall be available for Plaintiff to call for direct examination. (ECF No. 87, p. 17.)

### III. Conclusion and Order

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. Defendants' motion to modify the pretrial order to allow defendants to designate an additional witness is GRANTED; and
2. T. Wan is HEREBY DESIGNATED as a witness that Defendants may call to testify at trial.

IT IS SO ORDERED.

Dated: **July 18, 2014**        /s/ *Barbara A. McAuliffe*
                                UNITED STATES MAGISTRATE JUDGE

3