UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WARNER LIVINGSTON,<br><br>    Plaintiff,<br><br>    v.<br><br>J. SANCHEZ, et al.,<br><br>    Defendants. | Case No.: 1:10-cv-01152-BAM PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO REMOVE ONE DEFENDANT FROM THE COURTROOM WHILE THE OTHER IS GIVING TESTIMONY TO THE JURY<br>(ECF No. 102)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO PERFORM DEMONSTRATION FOR IMPEACHMENT PURPOSES WITHOUT PREJUDICE TO RENEWAL AT TRIAL<br>(ECF No. 103) |

    Plaintiff Warner Livingston ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds to trial against Defendants Sanchez and Ayon for excessive force in violation of the Eighth Amendment while Plaintiff was housed at the California Substance Abuse Treatment Facility ("CSATF") in Corcoran, California. The jury trial scheduled for August 12, 2014, has been continued.

    On July 18, 2014, Plaintiff filed his motions in limine. (ECF Nos. 102, 103.) Defendants opposed the motions on July 25, 2014. (ECF No. 95.) The motions in limine were heard before the Honorable Barbara A. McAuliffe on August 4, 2014. Plaintiff appeared telephonically on his own

behalf.  Lawrence Bragg and Tyler Heath, from the California Attorney General's Office, appeared telephonically on behalf of Defendants.

### I. Motions in Limine

#### A. Standard

A party may use a motion in limine to exclude inadmissible or prejudicial evidence before it is actually introduced at trial.  See Luce v. United States, 469 U.S. 38, 40 n. 2 (1984).  "[A] motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings."  Jonasson v. Lutheran Child and Family Services, 115 F.3d 436, 440 (7th Cir. 1997).  A motion in limine allows the parties to resolve evidentiary disputes before trial and avoids potentially prejudicial evidence being presented in front of the jury.  Brodit v. Cambra, 350 F.3d 985, 1004-05 (9th Cir. 2003).

Motions in limine that exclude broad categories of evidence are disfavored, and such issues are better dealt with during trial as the admissibility of evidence arises.  Sperberg v. Goodyear Tire & Rubber, Co., 519 F.2d 708, 712 (6th Cir. 1975).  Additionally, some evidentiary issues are not accurately and efficiently evaluated by the trial judge in a motion in limine and it is necessary to defer ruling until trial when the judge can better estimate the impact of the evidence on the jury.  Jonasson, 115 F.3d at 440.

#### B. Plaintiff's Motions in Limine

##### 1. Motion to Remove One Defendant from the Courtroom while the Other is Giving Testimony to the Jury

Plaintiff requests an order to remove one of the defendants from the courtroom while the other defendant is testifying.  (ECF No. 102.)  Although Rule 615 of the Federal Rules of Evidence permits the court, at a party's request, to exclude a witness so that they cannot hear other witnesses' testimony, this rule does not authorize excluding a party who is a natural person.  Fed. R. Evid. 615.  Plaintiff does not provide any authority for the exclusion of one defendant from the courtroom while a co-defendant is testifying.

Accordingly, this motion shall be denied.

///

2.      Motion to Perform Demonstration for Impeachment Purposes

Plaintiff requests a demonstration at trial for impeachment purposes. (ECF No. 103.) He reportedly seeks to have defendants demonstrate how they slid Plaintiff out of the cell by his forearms in order to impeach the reports that they filed regarding the incident. Plaintiff contends that the cell door is too small for him and two officers to walk or fit through at the same time--let alone two officers standing on each of side of Plaintiff and sliding him out of the cell door by his forearms. Defendants oppose the demonstration, arguing that it is improper and that any probative value it may have will be outweighed by undue prejudice. Fed. R. Evid. 403, 611. Defendants believe that the demonstration will be inaccurate, confusing and likely to mislead the jury.

Rule 403 of the Federal Rules of Evidence provides that relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. In this instance, the proposed demonstration would be inaccurate and prejudicial. As Defendants correctly point out, Plaintiff's demonstration is dependent upon the size and layout of the cell at issue, which cannot be recreated in the courtroom. It also would be dependent upon the exact placement of Defendants and Plaintiff in the cell, not to mention that all three of them must have remained the same size as they were in 2008. Additionally, requiring Defendants to participate in such a demonstration likely would suggest to the jury that the Court was endorsing or lending credibility to Plaintiff's version of events.

The Court finds that the probative value of the proposed demonstration is substantially outweighed by the danger of unfair prejudice and confusion. Fed. R. Evid. 403. Although the demonstration may not be permitted, Plaintiff will be allowed to describe the events in his testimony, including the size of the cell. He also will be allowed to question Defendants about how they removed him from the cell and their physical size and to attempt impeachment of their testimony during questioning. If the testimony results in confusion for the jury, the Court will reconsider the admissibility of the proposed demonstration.

Accordingly, Plaintiff's motion shall be denied without prejudice to renewal at trial should the evidence suggest the jury is confused.

**III. Conclusion and Order**

For the reasons stated, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to remove one defendant from the courtroom while the other is giving testimony is DENIED; and
2. Plaintiff's motion to perform demonstration for impeachment purposes is DENIED WITHOUT PREJUDICE to renewal at trial in the event of jury confusion.

IT IS SO ORDERED.

Dated: **August 7, 2014**          /s/ *Barbara A. McAuliffe*
                                   UNITED STATES MAGISTRATE JUDGE