1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **EASTERN DISTRICT OF CALIFORNIA**

10

11   WARNER LIVINGSTON,                    )   Case No.: 1:10-cv-01152-BAM PC
                                           )
12             Plaintiff,                  )   ORDER GRANTING DEFENDANTS' MOTION
                                           )   IN LIMINE #1  (ECF No. 88)
13        v.                               )
                                           )   ORDER DENYING IN PART AND DEFERRING
14   J. SANCHEZ, et al.,                   )   IN PART DEFENDANTS' MOTION IN LIMINE
                                           )   #2  (ECF No. 89)
15             Defendants.                 )
                                           )   ORDER DENYING IN PART AND GRANTING IN
16                                         )   PART DEFENDANTS' MOTION IN LIMINE #3
                                           )   (ECF No. 90)
17                                         )
                                           )   ORDER DENYING IN PART AND GRANTING IN
18                                         )   PART DEFENDANT'S MOTION IN LIMINE #4
                                           )   (ECF No. 91)
19                                         )
                                           )   ORDER GRANTING DEFENDANTS' MOTION
20                                         )   IN LIMINE #5 (ECF No. 92)
                                           )
21                                         )
                                           )
22   _____       )

23

24        Plaintiff Warner Livingston ("Plaintiff") is a state prisoner proceeding pro se and in forma

25   pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds to trial against

26   Defendants Sanchez and Ayon for excessive force in violation of the Eighth Amendment while

27   Plaintiff was housed at the California Substance Abuse Treatment Facility ("CSATF") in Corcoran,

28   California.  The jury trial scheduled for August 12, 2014, has been continued.

On July 15, 2014, Defendants filed five separate motions in limine.  (ECF Nos. 88, 89, 90, 91 and 92.)  Plaintiff opposed the motions on July 28, 2014.  (ECF No. 110.)  The motions in limine were heard before the Honorable Barbara A. McAuliffe on August 4, 2014.  Plaintiff appeared telephonically on his own behalf.  Lawrence Bragg and Tyler Heath, from the California Attorney General's Office, appeared telephonically on behalf of Defendants Sanchez and Ayon.

## I.      Motions in Limine

### A.      Standard

A party may use a motion in limine to exclude inadmissible or prejudicial evidence before it is actually introduced at trial.  See Luce v. United States, 469 U.S. 38, 40 n. 2 (1984).  "[A] motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings."  Jonasson v. Lutheran Child and Family Services, 115 F.3d 436, 440 (7th Cir. 1997).  A motion in limine allows the parties to resolve evidentiary disputes before trial and avoids potentially prejudicial evidence being presented in front of the jury.  Brodit v. Cambra, 350 F.3d 985, 1004-05 (9th Cir. 2003).

Motions in limine that exclude broad categories of evidence are disfavored, and such issues are better dealt with during trial as the admissibility of evidence arises.  Sperberg v. Goodyear Tire & Rubber, Co., 519 F.2d 708, 712 (6th Cir. 1975).  Additionally, some evidentiary issues are not accurately and efficiently evaluated by the trial judge in a motion in limine and it is necessary to defer ruling until trial when the judge can better estimate the impact of the evidence on the jury.  Jonasson, 115 F.3d at 440.

### B.      Defendants' Motions in Limine

#### 1.      Motion in Limine #1: Limiting Plaintiff's Testimony

Defendants move to preclude Plaintiff from introducing any opinion evidence regarding the extent of his injuries, his medical records or his medical condition, including diagnosis, opinions, inferences or causation.  Defendants assert that any such evidence would be improper opinion evidence pursuant to Fed. R. Evid. 701.  (ECF No. 88.)  Plaintiff opposed the motion, arguing that he should be permitted to read the MRI findings contained in a radiologist report by Donald Wade, M.D., to the jury.  Defendants' motion in limine #1 shall be granted.

"If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. As a non-expert witness, Plaintiff may testify as to what he saw or felt relating to his medical needs or condition, but may not testify as to any medical matter which requires scientific, technical, or other specialized knowledge, such as the medical findings of a radiologist.  Fed. R. Evid. 701, 702.  Accordingly, Plaintiff may not read the MRI findings or medical diagnoses into evidence.  He also may not testify regarding his medical records.  However, Plaintiff is not precluded from attempting to admit the MRI findings or other medical records through a competent witness.

    2.   <u>Motion in Limine #2</u>:  To Exclude Plaintiff's Expert Witnesses or, In the Alternative, Limit Expert Testimony to Opinions Formed During Course of Treatment

Defendants move to preclude Plaintiff's medical experts, J. Stoogodo (alternately referred to as M. Stragado or J. Straga) and P. Newton (P. Newtion), from testifying at trial because Plaintiff failed to submit export disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2)(C).  Alternatively, Defendants seek to limit the testimony of these witnesses to the opinions formed during the course of their treatment of Plaintiff.  (ECF No. 89.)

Plaintiff filed an expert disclosure on July 16, 2014, related to witnesses T. Wan and M. Stragado.  (ECF No. 94.)  Plaintiff also opposed the motion, arguing that his failure to comply with Rule 26(a)(2)(C) is harmless and that due to his incarceration he has no means to contact employees of CDCR.  (ECF No. 110.)

<u>P. Newton (P.Newtion)</u>

With regard to witness P. Newton, Plaintiff has not submitted the required witness fees and a subpoena will not be issued for the appearance of P. Newton at trial.  As such, Defendants' motion as to this witness is moot and shall be denied.

<u>J. Stoogodo (M.Stragado, J. Straga)</u>

With regard to expert witness J. Stoogodo, most recently identified as J. Straga, Rule 26(2)(C) mandates the following disclosures for non-retained experts:  (i) the subject matter on which the

witness is expected to present evidence; and (ii) a summary of the facts and opinions to which the witness is expected to testify.  Fed. R. Civ. P. 26(2)(C).  Plaintiff has provided an expert disclosure stating that J. Straga will testify concerning Plaintiff's injuries and treatment and why such treatment will continue to be needed for the rest of Plaintiff's life.  Plaintiff represents that this witness provided the treatment for Plaintiff.  (ECF No. 94.)  Despite technical deficiencies in Plaintiff's disclosure, the Court finds that this witness will provide critical testimony regarding Plaintiff's medical conditions, diagnoses and treatment.  Plaintiff's disclosure is sufficient to place Defendants on notice of the anticipated testimony of this witness.

To the extent Defendants suggest that Plaintiff was required to submit an expert report for this witness, Federal Rule of Civil Procedure 26(a)(2)(13) only requires expert witness reports for "a witness who is retained or specially employed to provide expert testimony in the case." Fed. R. Civ .P. 26(a)(2)(B).  Courts generally have concluded that expert reports are not required of a treating physician expressing an opinion as to causation, diagnosis, and prognosis based on treatment.  See Sprague v. Liberty Mutual Ins. Co., 177 F.R.D. 78, 81 (D.N.H. 1998).

As discussed at the hearing, Plaintiff will not be permitted to offer the testimony of J. Straga beyond any opinions formed during the course of treatment and will not be permitted to offer evidence of causation.  However, due to issues with service of this witness with a trial subpoena and as discussed in detail at the telephonic hearing, the Court defers its ruling as to J. Straga at this time. This witness' trial appearance and testimony will be addressed at the status conference currently scheduled for October 20, 2014.

3.   Motion in Limine #3:  To Exclude Plaintiff's Trial Exhibits

Defendants move to exclude Plaintiff's trial exhibits in the following three categories:  (1) CDCR 115 and 837 Investigation Reports; (2) Medical Records; and (3) 602 Inmate Parolee Appeal forms.  (ECF No. 90.)  Plaintiff opposed the motion.  (ECF No. 110.)

CDCR 115

Defendants first contend that the CDCR 115 Rules Violation Report was written, in part, by non-party correctional officers.  Defendants object to its introduction unless the document is properly authenticated under Federal Rule of Evidence 901 by a witness with personal knowledge.  Defendants

also object to its admission as containing inadmissible hearsay.  Fed. R. Evid. 801, 802.  Plaintiff

counters that the CDCR 115 was written and signed by Defendant Sanchez, who will be testifying at

trial.  As Defendant Sanchez is the purported author of this document, Defendants' motion in limine to

exclude the CDCR 115 shall be denied without prejudice to renewal at trial.

> 837 Investigation Reports

Defendants contend that the CDCR 837 Crime Incident reports were written, in part, by non-

party correctional officers.  Defendants object to introduction of these exhibits without proper

authentication and as inadmissible hearsay.  Fed. R. Evid. 801, 802, 901.  Plaintiff counters that

Defendant Ayon authored a CDC 837 and will be testifying at trial.  He also notes that Sergeants

Garza and Lunes and Lieutenant Perez prepared written reports.  These witnesses are expected to

testify at trial.  As with the CDCR 115, the Court shall deny Defendants' motion in limine to preclude

the introduction of the 837 Investigation Reports without prejudice to renewal at trial.

> Medical Records

Defendants object to the introduction of Plaintiff's medical records, including a Form 7219

Medical Report of Injury.  Defendants object to introduction of these records on the grounds of lack of

foundation, irrelevance, and inadmissible hearsay.  Fed. R. Evid. 602, 801, 802, 401, 402.  Defendants

also contend that the records contain medical and dental opinions that can only be offered by a

medical expert and that Plaintiff should not be permitted to introduce any opinion testimony regarding

these records.  Fed. R. Evid. 701, 702.  Plaintiff counters that the medical records are relevant to his

injuries and that his neurologist is an expert qualified to provide testimony regarding her treatment of

Plaintiff.  (ECF No. 110, p. 3.)

According to the pretrial statement, Plaintiff's proposed medical records include the following:

(1) "Neurology F/U Note reports of treatments to Plaintiff as a result of Plaintiff's injuries to his neck

caused by defendants' actions;" (2) "Radiologist MRI imaging reports of Plaintiff's injuries to his

neck by defendants' actions;" (3) "CDC 7362s Health Care Services Requests;" (4) "CDCR 7219

Medical Report of Injury;" and (5) "Medication Reconciliation-Active Medications Reports that

Plaintiff take due to his injuries caused by defendants' actions."  (ECF No. 87.)

///

CDCR 7219

With regard to the CDCR 7219 Medical Report of Injury, Plaintiff alleges in his complaint that this document was prepared by Nurse Cardonzo.  Defendants have identified Registered Nurse R. Cardozo as a trial witness.  As such, Nurse Cardozo may be able to provide the requisite authentication for the CDCR 7219.  Accordingly, the Court shall deny Defendants' motion to preclude introduction of this exhibit without prejudice to renewal at trial.

Medical Records

Plaintiff's medical records appear relevant to his claimed injuries in this action.  Fed. R. Evid. 401.  If Plaintiff's neurology witness is available to testify (or other medical personnel appear at trial), then Plaintiff may be able to introduce these documents into evidence.  Accordingly, the Court shall deny Defendants' motion in limine to preclude these exhibits without prejudice to renewal at trial.  As stated at the telephonic hearing, the admissibility of these medical records will be reevaluated at the October 20, 2014 status conference.

602 Appeal Records

Defendants seek to exclude Plaintiff's 602 Inmate Parolee Appeal form concerning the incident of January 5, 2008.  Defendants contend that responses to the appeal contain inadmissible hearsay from non-party correctional officers.  Fed. R. Evid. 801, 802.  Defendants also assert that the appeal is irrelevant because the appeal does not prove excessive force was used at the time of the incident.  Fed. R. Evid. 401.  Plaintiff counters that he could not have filed this action without first filing a 602 and he was required to exhaust his claim.  Plaintiff also contends that the 602 was part of his complaint. (ECF No. 110, pp. 3-4.)

As discussed at the hearing, introduction of Plaintiff's 602 as evidence of exhaustion is irrelevant because the fact that he complained does not prove excessive force was used.  Fed. R. Evid. 401.  Plaintiff's arguments concerning exhaustion are not relevant to the underlying facts in this case.  Plaintiff also may not introduce any 602s to demonstrate a pattern of movement from building to building or retaliation.  These issues are not relevant to the issue of excessive force.  However, the parties agree that Plaintiff's 602 may be used for purposes of impeachment.  Accordingly, Defendants' motion in limine to preclude introduction of the 602s shall be granted in part and denied in part.

1   Plaintiff may use the 602s for impeachment purposes only, and not to support any allegations related

2   to movement, retaliation or exhaustion.

3           4.         <u>Motion in Limine #4</u>:  To Exclude Plaintiff from Testifying as to Retaliation

4           Defendants seek to preclude Plaintiff from testifying that he believed the incident at issue was

5   the result of retaliation for submitting prior 602 appeals.  Plaintiff reportedly claimed during his

6   deposition that he was subjected to excessive force after refusing to move to a different cell in

7   retaliation for his prior complaints concerning a lack of lids on food trays.  (ECF No. 91, Ex. A,

8   Livingston Dep. at 39:3-40:4.)  Defendants contend that Plaintiff has not asserted a claim for

9   retaliation and that such testimony would be prejudicial.

10           Plaintiff counters that the jury should be informed of events leading up to the alleged use of

11   excessive force by Defendants.  Plaintiff asserts that he will prove a pattern that when officers have a

12   problem with him making complaints, they will move him to another building.  Plaintiff also asserts

13   that he will prove a pattern of the officers moving him to other units/buildings for complaining about

14   things like trays.  (ECF No. 110, p. 4.)

15           During the course of his deposition, Plaintiff testified that it was his "guess" that Defendants

16   saw that Plaintiff went on a hunger to strike while in another building to get the lids put on trays and

17   that the proposed move in January 2008 was "another retaliation."  (Ex. A, Livingston Dep. at 39:3-

18   21.)  However, he also testified that Defendants did not tell Plaintiff why he was being moved and he

19   assumed it was because of the trays.  (Id. at 39:22-40:4.)

20           Plaintiff has not asserted a claim of retaliation in this action.  Nonetheless, Plaintiff's evidence

21   of prior complaints of a hunger strike and any possible knowledge of such a strike by Defendants may

22   be relevant to why force was used.  Fed. R. Evid. 401.  To the extent Defendants contend that

23   Plaintiff's testimony regarding an unsupported retaliation theory would be prejudicial and cause

24   confusion on the part of the jury, the Court agrees.  Fed. R. Evid. 403.  However, if Plaintiff

25   establishes that Defendants' knew of the hunger strike prior to the alleged incident, then any prejudice

26   or confusion may be addressed through redirect examination of Defendants.

27           Accordingly, Defendants' motion in limine to preclude testimony regarding retaliation shall be

28   granted in part and denied in part.  Plaintiff shall be permitted to testify to his previous participation in

a hunger strike related to food trays, but may not testify regarding his speculation or guesses that Defendants were aware of the hunger strike or prior 602s.  Instead, Plaintiff must establish that Defendants knew of the hunger strike through his examination of Defendants at trial.  If he cannot establish any such knowledge, then he may not speculate as to possible retaliation on the part of Defendants.  In other words, Plaintiff can testify to facts within his personal knowledge, but cannot testify based on speculation.  Fed. R. Evid. 602, 701.  This prohibition also would preclude any testimony regarding Plaintiff's belief that he previously had been moved from building to building as a form of retaliation or a pattern by officers.

     5.    <u>Motion in Limine #5</u>:  To Exclude Testimony Concerning Post-Incident Threats

Defendants seek to exclude any testimony by Plaintiff that after the alleged incident involving Defendants, he was placed in a holding cell and told by unidentified correctional officers that he should drop his assault complaint or these officers would "get" him wherever he went.  Defendants contend that this testimony is not relevant to the incident involving Defendants and is overly prejudicial.  (ECF No. 92.)  Plaintiff counters that he filed a 602 appeal regarding officers threatening him and will produce the document at trial.  (ECF No. 110, p. 4.)

Plaintiff testified at his deposition that he was placed in a holding cage after the incident and some unknown officers told him that he should drop the assault complaint and they could "get" him wherever he goes.  (ECF No. 92, Ex. A, Livingston Dep. 67:18-68:17.)  Defendants correctly contend that this evidence is not relevant to their alleged use of excessive force.  The testimony relates to conduct involving other officers and does not have the tendency to make the alleged use of force more or less probable.  Fed. R. Evid. 401.  Further, the statements made by unknown officers constitute inadmissible hearsay.  Fed. R. Evid. 801, 802.

Accordingly, Defendants' motion in limine shall be granted.

**III.  Conclusion and Order**

For the reasons stated, IT IS HEREBY ORDERED that:

1. Defendants' motion in limine #1 to limit Plaintiff's testimony is GRANTED;

///

///

8

2.  Defendants' motion in limine #2 is DENIED IN PART and DEFERRED IN PART as follows:

   a.     Defendants' motion in limine to preclude P. Newton (P. Newtion) from testifying at trial is DENIED as moot.  Plaintiff failed to submit the requisite witness fees to secure the attendance of this witness at trial; and

   b.     Defendants' motion in limine to preclude J. Straga from testifying at trial is DEFERRED.  Service issues related to this witness will be discussed at the status conference scheduled for October 20, 2014;

3.  Defendants' motion in limine #3 is GRANTED IN PART and DENIED IN PART as follows:

   a.     Defendants' motion in limine to exclude the CDCR 115, 837 Investigation Reports, CDCR 7219 and medical records is DENIED without prejudice to renewal at trial.

   b.     Defendants' motion in limine to exclude Plaintiff's 602 Appeal Records is GRANTED IN PART and DENIED IN PART.  Plaintiff may use the 602s for impeachment purposes only, and not to support any allegations related to movement, retaliation or exhaustion.

4.  Defendants' motion in limine #4 is GRANTED IN PART and DENIED IN PART.  Plaintiff may testify regarding his previous participation in a hunger strike related to food trays, but may not testify regarding his speculation or guesses that Defendants were aware of the hunger strike or prior 602s or his belief that he previously had been moved from building to building as a form of retaliation.

5.  Defendants' motion in limine #5 to exclude testimony regarding post-incident threats is GRANTED.


IT IS SO ORDERED.

Dated:   **August 7, 2014**          _/s/ Barbara A. McAuliffe_
                                     UNITED STATES MAGISTRATE JUDGE