UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WARNER LIVINGSTON,<br><br>       Plaintiff,<br><br>  v.<br><br>J. SANCHEZ, et al.,<br><br>       Defendants. | Case No.: 1:10-cv-01152-BAM PC<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO SUBSTITUTE EXPERT WITNESS NEUROLOGIST M. STRAGE WITH EXPERT WITNESS M.D. T. NEUMANN<br><br>(ECF No. 127) |

      Plaintiff Warner Livingston ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On September 5, 2014, Plaintiff filed a motion requesting permission to substitute experts in light of the on-the-record discussion regarding service of expert witness Straga. (ECF No. 127.) On September 15, 2014, the Court directed Defendants to file a response or a statement of non-opposition to Plaintiff's motion no later than September 22, 2014. (ECF No. 129.) On September 22, 2014, Defendants opposed the substitution of Plaintiff's expert witness. (ECF No. 133.) The Court finds a reply unnecessary and the motion is deemed submitted.[1] Local Rule 203(l).

///

---

[1] Plaintiff will not be prejudiced by the inability to reply as the Court intends to grant the requested substitution.

1

**I.      Background**

On June 3, 2014, the Court granted Plaintiff's motion for the attendance of unincarcerated witness Straga, a neurologist, at trial. (ECF No. 69.) Although Plaintiff attempted to submit the requisite fees for the attendance of this witness, the parties and the Court subsequently learned that proposed witness Straga is not an employee of the California Department of Corrections and Rehabilitation and the address of record for this witness is in Studio City, California. Given the employment status and location of witness Straga, the Court cannot issue a subpoena pursuant to Federal Rule of Civil Procedure 45(b) to secure her attendance at trial.

On August 4, 2014, the Court held a hearing on the parties' motions in limine. At that time, the Court and parties discussed the attendance of proposed witness Straga at trial. Pursuant to that discussion, the parties intended to contact Straga to determine if she would appear voluntarily at trial. The Court therefore deferred any ruling regarding the motion in limine to preclude Straga's testimony at trial. (ECF No. 124, p. 4.)

On September 5, 2014, Plaintiff filed the instant motion requesting to substitute expert witness Straga with Dr. T. Neumann. Plaintiff explains that witness Straga failed to respond to Plaintiff's letter or phone calls from Plaintiff's girlfriend. Based on the approaching trial date, Plaintiff seeks to substitute Dr. T. Neumann as his expert witness to testify regarding Plaintiff's medical condition and the treatment provided by Dr. T. Neumann. (ECF No. 127.)

On September 22, 2014, Defendants opposed the motion requesting substitution. Defendants argue that Plaintiff failed to timely request the attendance of Dr. Neumann, either by motion for the attendance of unincarcerated witnesses or by listing Dr. Neumann in the pretrial statement. Defendants also argue that Plaintiff failed to meet the burden for modifying the pretrial order to prevent manifest injustice because of the prejudice and surprise to the Defendants. (ECF No. 133.)

**II.     Discussion**

Plaintiff's request for substitution is construed as a request to modify the Amended Pretrial Order issued on July 15, 2014, which identifies Straga (incorrectly identified as J. Stoogoda) as a witness. The Amended Pretrial Order may not be modified absent a showing of necessity to prevent

1  manifest injustice.  Fed. R. Civ. P. 16(d), (e); Local Rule 283(c); <u>Hunt v. County of Orange</u>, 672 F.3d
2  606, 616 (9th Cir. 2012).

3  The following factors must be considered in determining whether to modify the Amended
4  Pretrial Order:  (1) degree of prejudice or surprise to Defendants; (2) the ability of Defendants to cure
5  any prejudice; (3) the impact of the modification on the orderly and efficient conduct of the case; and
6  (4) any degree of willfulness or bad faith on the part of Plaintiff.  <u>Hunt</u>, 672, F.3d at 616.

7  Here, Plaintiff has moved for the modification of the Amended Pretrial Order more than seven
8  weeks before trial.  Defendants cannot claim surprise or prejudice by the proposed appearance of an
9  expert testifying regarding Plaintiff's medical treatment and condition.  The Court granted Plaintiff's
10  request for such a witness nearly five months before the current trial date.  (ECF No. 69.)  Although
11  Plaintiff failed to disclose Dr. Neumann specifically during discovery and in his pretrial statement, it
12  does not appear that the subject matter of Dr. Neumann's testimony will differ in form or in kind from
13  the anticipated testimony of witness Straga.  The Court previously informed the parties that witness
14  Straga's testimony, if permitted, would be limited to opinions formed during the course of treatment
15  and testimony regarding Plaintiff's medical condition, diagnoses and treatment.  For this reason, the
16  substitution of a single expert likely will not cause Defendants to suffer any actual prejudice.
17  Defendants also may reduce any prejudice by securing treatment records, if available, from Dr.
18  Neumann.

19  The proposed modification will not have a substantial impact on the orderly and efficient
20  conduct of this case.  Trial was continued for the primary purpose of securing the attendance of
21  Plaintiff's expert witness, which the modification will address.  Trial will not be further delayed.

22  As a final matter, there is no indication that Plaintiff is acting in bad faith.  He has endeavored
23  to secure the attendance of an expert witness, but has not been successful through no fault of his own.
24  Plaintiff also has promptly notified the Court of witness Straga's availability and he submitted the
25  request for substitution well before the scheduled status conference currently set for October 20, 2014.

26  Having considered the relevant factors, the Court finds that the Amended Pretrial Order
27  requires amendment to prevent manifest injustice, and it shall be modified to include Plaintiff's expert
28  T. Neumann in place of witness Straga.  However, as Plaintiff has failed to provide the Court with

information to determine the appropriateness of subpoenaing the witness for trial pursuant to Rule 45, Plaintiff will be responsible for securing the attendance of this witness at trial.[2]  The Court notes that Plaintiff is not proceeding in forma pauperis in this action.

### III. Conclusion and Order

Based on the foregoing, Plaintiff's motion to substitute expert witness neurologist M. Straga with expert witness M.D. T. Neumann is GRANTED.

IT IS SO ORDERED.

Dated:   **September 24, 2014**             /s/ *Barbara A. McAuliffe*
                                                                                     UNITED STATES MAGISTRATE JUDGE

---

[2] Defendants suggest that Dr. Neumann is located at Centinela State Prison, but there is no indication that he is employed by CDCR or that he may properly be subpoenaed by this Court.

4